IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY JAMES BELLES,

    **Plaintiff,**

    v.                                                     CASE NO. 20-3167-SAC

KYLE LASSWELL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Franklin County Jail in Ottawa, Kansas ("FCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis* (Doc. 4). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until September 30, 2020, in which to show good cause why his Amended Complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff was also granted an opportunity to file a proper second amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges in his Amended Complaint (Doc. 3) that he has been denied notary services while housed at the FCJ. Plaintiff alleges that his requests for a notary were denied and ignored by Defendant Lasswell and the administrators of the FCJ. Plaintiff alleges that he "was not able to present certain things to the courts or have certain issues addressed." (Doc. 3, at 5.) Plaintiff names as defendants: Kyle Lasswell, Lieutenant at Franklin County Sheriff's Department; and the Franklin County Sheriff's Department. Plaintiff's request for relief seeks the termination of Defendant Lasswell's employment and to have his case recalled and reheard. *Id*.

The Court found in the MOSC that Plaintiff has not alleged that he was hindered from

1

pursuing a nonfrivolous legal claim concerning his conviction or his conditions of confinement. Plaintiff does not state what case or court he is referring to or what issues or claims he was prevented from presenting. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). Plaintiff fails to state a claim for denial of court access.

The Court also found that to the extent Plaintiff seeks Defendant Lasswell's termination in his request for relief, the Court is without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v.*

*LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

The Court also found that to the extent Plaintiff asks this Court to order a rehearing in a matter pending before another court, this Court is without authority to order such relief. This Court cannot order State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"); *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's request that the federal district court order a State-court judge to grant relief).

To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas

corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).  Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that any conviction or sentence has been invalidated.

The Court also found that Plaintiff's claims against the Franklin County Sheriff's Department are subject to dismissal.  To impose § 1983 liability on the county and its officials

4

for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).  Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff's Department and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff.

The Court's MOSC provided that "[i]f Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 5, at 9.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Amended Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 9, 2020, in Topeka, Kansas.**

                                                **s/ Sam A. Crow**
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**